IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | SUPERSEDING INDICTMENT |
| Plaintiff, | ) ) | JUDGE BOYKO |
| v. | ) ) | |
| CLARK V. HAYES, | ) ) | CASE NO. 1:14CR090 |
| Defendant. | ) ) ) | Title 18, United States Code, Section 664 Title 26, United States Code, Section 7202 |

General Allegations

The Grand Jury charges:

At all times material to this Superseding Indictment or other times specified:

1. Defendant, CLARK V. HAYES, was the owner of APPLIED TECHNOLOGY SYSTEMS, INC. ("ATSI"), headquartered in Cleveland, Ohio.

2. Under the internal revenue laws, CLARK HAYES, as owner of ATSI, was responsible for and on behalf of the corporation, on a quarterly basis, to collect, account for, and pay over to the Internal Revenue Service ("IRS") taxes that ATSI was required to withhold from the taxable wages of ATSI employees, including federal income taxes and Federal Insurance Contribution Act ("FICA") taxes for Social Security and Medicare.

3. Employers were required to report these withheld taxes, along with an additional employer's FICA excise tax, on an Employer's Quarterly Federal Tax Return, Form 941. For each calendar quarter, the Form 941 was due to be filed with the IRS and the withheld income

1

taxes and FICA taxes were due to be paid to the IRS by the last day of the month following the end of the quarter. ATSI filed a Form 941 for each of the quarters ending on September 30, 2010, and December 31, 2010. ATSI failed to file a Form 941 for the quarter ending on March 31, 2011.

4. The U.S. Department of Labor ("DOL") contracted with ATSI to operate the Cleveland and Jacksonville Job Corps Centers ("Centers"). Pursuant to their agreement, ATSI staffed and maintained the Centers, subject to reimbursement by the DOL for their costs based on a budget. The reimbursable costs included the wages ATSI paid to the Centers' employees, including amounts to be withheld and paid over to the IRS. From on or about July 1, 2010, through on or about August 16, 2011, the DOL paid approximately $15,568,284.93 to ATSI as complete reimbursement of the Centers' and Center-related expenses for the period of time relevant to this Indictment. The Grand Jury further charges:

## COUNTS 1 and 2

5. The General Allegations contained in paragraphs 1 through 4, of this Superseding Indictment, are incorporated herein as if set forth in full.

6. During the calendar quarters listed below, Defendant, CLARK V. HAYES, withheld from the total taxable wages of the employees of ATSI federal income taxes and FICA taxes in the approximate amounts set forth below. Following each quarter, Defendant accounted for those taxes to the Internal Revenue Service. On or about the due dates listed below, however, Defendant did willfully fail to pay over to the Internal Revenue Service said withheld federal income taxes and FICA taxes due and owing to the United States for said calendar quarters, with each calendar quarter constituting a separate count of this Indictment, as set for in Counts 1 and 2, below:

2

| Count | Quarter ending | Due date | Unpaid withheld income and FICA taxes |
|---|---|---|---|
| 1 | 09/30/2010 | 10/31/2010 | $138,208.22 |
| 2 | 12/31/2010 | 01/31/2011 | $483,495.62 |

All in violation of Title 26, United States Code, Section 7202.

## COUNT 3

7. The General Allegations contained in paragraphs 1 through 4, of this Indictment, are incorporated herein as if set forth in full.

8. During the calendar quarter ending March 31, 2011, Defendant, CLARK HAYES, withheld from the total taxable wages of the employees of ATSI federal income taxes and FICA taxes of approximately $250,307.00. On or about April 30, 2011, however, Defendant did willfully fail to truthfully account for and pay over to the Internal Revenue Service said withheld federal income taxes and FICA taxes due and owing to the United States with respect to the taxable wages of ATSI's employees for the calendar quarter ended March 31, 2011.

All in violation of Title 26, United States Code, Section 7202.

## COUNT 4

9. From in or around January 2011, through in or around March 2014, in the Northern District of Ohio, Eastern Division, the defendant, CLARK V. HAYES, did embezzle, steal and unlawfully and willfully abstract and convert to his own use in the approximate amount of $112,011.00, the moneys, funds, securities, premiums, credits, property and other assets of an employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974 and of a fund connected with such plan.

All in violation of Title 18, United States Code, Section 664.

                                                    A TRUE BILL.

Original document -- Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.